UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY J. EZRA, an individual<br><br>                   Plaintiff,<br><br>vs.<br><br>WEITZ & LUXENBERG, P.C., a New York Professional Corporation, and DOES and ROES I through XX,, inclusive<br><br>                   Defendants. | Case No.: 1:18 – cv – 06802 – AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12 (B)(6)**<br><br><br>Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..............................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. PROC. 12 (B)(6)...................................................1

I.      PLAINTIFF'S COMPLAINT IS UNTIMELY AND BARRED BY
        THE APPLICABLE STATUTE OF LIMITATIONS...............................1

        A.      Plaintiff's Breach of Contract Claim Must Be Dismissed As
                Being Time Barred By The New York Statute of Limitations..............2

        B.      Plaintiff's Breach Of Implied Covenant Of Good Faith And
                Fair Dealing Claim Must Be Dismissed As Being Time Barred
                By The New York Statute of Limitations........................................3

        C.      Plaintiff's Fraud Claim Must Be Dismissed As Being Time
                Barred By The New York Statute of Limitations.............................4

        D.      Plaintiff's Intentional Infliction of Emotional Distress Claim
                Must Be Dismissed As Being Time Barred By The New York
                Statute of Limitations...............................................................5

II.     EACH OF PLAINTIFF'S CAUSES OF ACTION MUST BE
        DISMISSED FOR FAILING TO STATE A CLAIM UPON
        WHICH RELIEF MAY BE GRANTED...............................................6

        A.      Plaintiff's Cause Of Action For Breach of Contract Must Be
                Dismissed As Weitz & Luxenberg, P.C. Was Not A Party
                To The Underlying Contract.......................................................7

        B.      Plaintiff's Breach of Implied Covenant of Good Faith And
                Fair Dealing Claim Must Be Dismissed As Being Duplicative
                of Her Breach Of Contract Claim................................................8

        C.      Plaintiff's Cause of Action For Fraud Must Be Dismissed As
                Weitz & Luxenberg, P.C. Never Signed, Entered, or Filed,
                The Dismissal Order As Plaintiff Alleges......................................9

        D.      Plaintiff's Cause of Action For Intentional Infliction of Emotional
                Distress Must Be Dismissed As Plaintiff Has Not Alleged and
                Cannot Allege The Necessary Outrageous Conduct Element..............11

CONCLUSION...........................................................................................12

# TABLE OF AUTHORITIES

## CASES

*ABB Indus. Sys., Inc. v. Prime Tech., Inc.*,
   120 F.3d 351 (2d Cir. 1997)...................................................................................2, 3

*Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*,
   70 A.D.3d 423 (N.Y. App. Div. 1st Dept. 2010))..................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................6, 7

*Bender v. City of New York*,
   78 F.3d 787 (2d Cir. 1996).....................................................................................11

*Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*,
   259 F. Supp. 3d 16 (S.D.N.Y. 2017), aff'd, 712 F. App'x 85 (2d Cir. 2018)..............8, 9

*Biro v. Conde Nast*,
   963 F. Supp. 2d 255, 266 (S.D.N.Y. 2013)............................................................4

*Carbon Capital Mgmt., LLC v. Am. Express Co.*,
   88 A.D.3d 933 (2d Dep't 2011).............................................................................4

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991)...........................................................................7 *fn.* 3

*Crigger v. Fahnestock & Co.*,
   443 F.3d 230, 234 (2d Cir. 2006).......................................................................9, 10

*Ely-Cruikshank Co. v. Bank of Montreal*,
   81 N.Y.2d 399 (1993)...............................................................................................3

*Forest Park Pictures v. Universal Television Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012).....................................................................................1

*Harrison v.Lutheran Med. Ctr.*,
   468 Fed. Appx. 33 (2d Cir. 2012).....................................................................2 *fn.* 1

*Howell v. New York Post Co.*,
   81 N.Y.2d 115 (1993)...............................................................................................11

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941).................................................................................................1

*Leibowitz v. Bank Leumi Trust Company of New York*,
   152 A.D.2d 169 (2nd Dep't 1989)............................................................................12

*Mariani v. Consol. Edison Co. of New York*,
  982 F. Supp. 267 (S.D.N.Y. 1997),
  *aff'd sub nom. Mariani v. Consol. Edison Co.*,
  172 F.3d 38 (2d Cir. 1998)...................................................................5

*Marks v. New York Univ.*,
  61 F.Supp.2d 81 (S.D.N.Y.1999)............................................................7

*Murphy v. American Home Products Corp.*,
  58 N.Y.2d 293 (1983).........................................................................11

*Passucci v. Home Depot, Inc.*,
  67 A.D.3d 1470, 1471(4th Dep't 2009)........................................................5

*RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.*,
  156 F. App'x 349 (2d Cir. 2005)..............................................................7

*Resnick v. Resnick*,
  722 F.Supp. 27 (S.D.N.Y.1989) ...............................................................3

*Shea v. Cornell University*,
  192 A.D.2d 857 (3rd Dep't 1993)..............................................................11

*Stuart v. Am. Cyanamid Co.*,
  158 F.3d 622 (2d Cir. 1998)....................................................................1

*Thea v. Kleinhandler*,
  807 F.3d 492 (2d Cir. 2015)....................................................................1

*V.E.C. Corp. of Delaware v. Hilliard*,
  896 F.Supp.2d 253 (S.D.N.Y. 2012)..........................................................3

## STATUTES

28 U.S.C. § 1367(d)..............................................................................2 *fn.* 1

N.Y. C.P.L.R. § 202..............................................................................1

N.Y. C.P.L.R. § 205..............................................................................2 *fn.*1

C.P.L.R. § 213 (2) ...............................................................................2, 3

N.Y. C.P.L.R. § 213 (8) ..........................................................................4

N.Y. C.P.L.R. § 215(3) ...........................................................................5

## **RULES**

FED. R. CIV. PRO. 60(a)...........................................................................10 *fn.* 4

## **SECONDARY SOURCES**

Restatement of Torts, Second, § 46 cmt. d (1965))....................................................11

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG,**
**P.C.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12 (B)(6)**

I.     **PLAINTIFF'S COMPLAINT IS UNTIMELY AND BARRED BY THE**
        **APPLICABLE STATUTE OF LIMITATIONS**

When jurisdiction is based on diversity of citizenship, a federal court must apply the substantive law, including the choice-of-law rules, of the state where the District Court sits. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012); see also *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The substantive law of a state includes its statutes of limitations. *Thea v. Kleinhandler*, 807 F.3d 492, 497–98 (2d Cir. 2015). "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). Therefore, since this Court sits in New York it must apply New York state choice of law rules and the New York state statutes of limitations.

New York's borrowing statute, N.Y. C.P.L.R. § 202, provides that "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart*, 158 F.3d at 627. Plaintiff's claims must be "timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *Thea v. Kleinhandler*, 807 F.3d 492, 497–98 (2d Cir. 2015). Accordingly, Plaintiff must show that her claims are not just timely in Nevada (the state where she resides), but also timely in New York as well. However, Plaintiff cannot meet this burden as her claims are time barred by the New York statutes of limitation.

Plaintiff filed this case on July 28, 2018. In her complaint, Plaintiff has brought four state law causes of action: (1) breach of contract, (2) breach of covenant of good faith and fair dealing,

(3) misrepresentation, fraud, and deceit, and (4) intentional infliction of emotional distress. All four of these state law causes of action are based on a dismissal order that was entered on August 31, 2000. (*See* ECF Doc. 1, 4: 5-11). Thus, all of Plaintiff's claims are based on an alleged wrongful conduct that occurred approximately 18 years before Plaintiff filed this lawsuit. This is outside of the applicable statutes of limitations for any of Plaintiff's causes of actions. Moreover, in the complaint, Plaintiff alleges to have discovered this alleged wrongful conduct in October of 2015, which is more than two years before Plaintiff filed this current lawsuit. (*See* ECF Doc. 1, 4: 12-17). Finally, there are no tolling provisions that apply to this current case as Plaintiff's prior lawsuit was based on diversity of citizenship and it was dismissed for lack of personal jurisdiction.[1] Accordingly, each of Plaintiff's causes of action are time barred by the applicable New York statutes of limitation and therefore must be dismissed.

A.   **Plaintiff's Breach of Contract Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations**

The New York statute of limitations for breach of contract claims is six years. N.Y. C.P.L.R. § 213 (2) (2009). Under New York law, there is no delayed discovery rule for breach of contract claims. *ABB Indus. Sys., Inc. v. Prime Tech., Inc.,* 120 F.3d 351, 360 (2d Cir.1997). "[I]t is well settled that [under New York law] the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should

---

[1] New York's Saving Statute, N.Y. C.P.L.R. § 205, does not apply to claims that were dismissed for lack of personal jurisdiction. "§ 205(a) does not allow tolling based on a prior suit that was terminated due to a failure to obtain personal jurisdiction over the defendant. " *Harrison v. Lutheran Med. Ctr.*, 468 Fed. Appx. 33, 36 (2d Cir. 2012). Because Plaintiffs' claims in Nevada were dismissed due to lack of Personal Jurisdiction, N.Y. C.P.L.R. § 205 does not apply to this case. Likewise, the tolling provision of federal supplemental jurisdiction statute, 28 U.S.C. § 1367(d) does not apply because Plaintiff did not bring any causes of action based on a federal question. Plaintiff only brought state law claims. As such the inquiry is whether this action was timely commenced when filed on July 30, 2018, the date Plaintiff filed this action in the Southern District of New York.

have been discovered." *Id.* In New York, a breach of contract cause of action accrues at the time of the breach. *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993). So breach of contract claims accruing before July 28, 2012 are time-barred by the New York statute of limitations.

According to the allegations in the complaint, the alleged breach occurred on August 31, 2000 when the dismissal order was entered. (*See* ECF Doc. 1, 5: 9-13). This is approximately 18 years ago, which is well past the 6-year statute of limitations. Therefore, Plaintiff's breach of contract cause of action is time barred.

**B.     Plaintiff's Breach Of Implied Covenant Of Good Faith And Fair Dealing Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations**

"Under New York law, causes of action for breach of contract and breach of the covenant of good faith and fair dealing are governed by N.Y. C.P.L.R. §213(2), which provides for a six-year statute of limitations." *See V.E.C. Corp. of Delaware v. Hilliard*, 896 F.Supp.2d 253, 259 (S.D.N.Y. 2012). "The claim for breach of the covenant of good faith and fair dealing is grounded in contract and likewise has a limitations period of six [ ] years." *Resnick v. Resnick*, 722 F.Supp. 27, 38 (S.D.N.Y.1989). In New York, a breach of contract cause of action and breach of the implied covenant of good faith and fair dealing accrues at the time of the breach. *Ely-Cruikshank Co.*, 81 N.Y.2d at 402. Further just like breach of contract claims, there is no delayed discovery rule for breach of the implied covenant of good faith and fair dealing. *Id.* at 403. *See* also *ABB Indus. Sys., Inc.*, 120 F.3d at 360.

According to the allegations in the complaint, the alleged breach occurred on August 31, 2000. (*See* ECF Doc. 1, 4: 5-11). This is approximately 18 years ago. This is well past the 6-year statute of limitations. Therefore, Plaintiff's breach of covenant of good faith and fair dealing cause of action should be dismissed as untimely pursuant to Rule 12(b)(6) as the "complaint clearly

-3-

shows the claim is out of time." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 266 (S.D.N.Y. 2013).

### C.   Plaintiff's Fraud Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations

Under New York law, there are multiple statute of limitation periods for fraud depending on the remedy sought, but even applying the longest and broadest statute for fraud, Plaintiff's claims are still untimely. A fraud claim must be commenced within six years of the date the cause of action accrued, or within two years of the time the plaintiff discovered or could have discovered the fraud with reasonable diligence, whichever is greater.[2] N.Y. C.P.L.R. § 213 (8); *see Carbon Capital Mgmt., LLC v. Am. Express Co.,* 88 A.D.3d 933, 939, (2d Dep't 2011). A cause of action for fraud accrues when every element of the claim, can be alleged, not when they are known. *Id.*

According to the allegations in the complaint, the alleged fraudulent conduct occurred on August 31, 2000 when the dismissal order was entered. (*See* ECF Doc. 1, 4: 5-11). This is over 18 years ago, thus it is many years past the six-year statute. Further, according to the allegations in the complaint, Plaintiff discovered this alleged fraudulent conduct in October of 2015. (*See* ECF Doc. 1, 4: 12-17). In the complaint, Plaintiff alleges:

> That on or about October 7, 2015, the undersigned attorney agreed to reinstate Ezra's case against BMS and MEC, et al. pursuant to her rights under the Tolling Agreement signed on January 26, 2000. The undersigned then reviewed the referenced file on PACER and discovered that, contrary to EZRA's belief, her case appeared to

---

[2] The New York fraud delayed discovery rule is not limited to just when the plaintiff discovered the breach, but is also when the Plaintiff *could have discovered it with reasonable diligence.* In or about 2014, Plaintiff hired her present attorney Al Levin to represent her regarding her same breast implant injuries in the Dow Corning Bankruptcy. The bankruptcy court dismissed Plaintiff's claims for failing to establish causation, after excluding Plaintiff's expert witnesses under *Daubert.* Plaintiff appealed this decision and the Sixth Circuit held that Plaintiff's "evidence is simply too weak to support anything more than mere speculation that silicone implants caused Ezra's medical problems." (*See* Beverly J. Ezra v. DCC Litigation Facility, Inc., No.15-2215 (2016 WL 4046899) (6th Cir. July 27, 2016). As such, Plaintiff has had an attorney regarding her breast implant injuries for years. The docket sheet for the underlying 2000 New York case listing the case as dismissed with prejudice is publicly available on pacer. However, it is unnecessary for the court to inquire into when Plaintiff could have discovered the dismissal order with reasonable diligence, as Plaintiff has alleged to have discovered it over two years prior to filing this litigation.

have been dismissed with prejudice. This was confirmed on
October 26, 2015 by a true attested copy of the Order of Dismissal
from the Court. This was the first time that EZRA became aware of
this fact. (*See* ECF Doc. 1, 4: 12-17).

According to the allegations in the Complaint, Plaintiff discovered the alleged fraudulent conduct

in October of 2015 and did not file this complaint until July of 2018.  This is over two years before

Plaintiff brought this current case.  Therefore, Plaintiff's fraud cause of action is untimely even

when applying the delayed discovery provision.  Plaintiff's fraud claim is time barred.

### D.    Plaintiff's Intentional Infliction of Emotional Distress Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations

"It is well established that the one-year statute of limitations set forth in CPLR § 215(3)

for intentional torts is applicable to claims for intentional infliction of emotional distress." *Mariani*

*v. Consol. Edison Co. of New York*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997), *aff'd sub nom. Mariani*

*v. Consol. Edison Co.*, 172 F.3d 38 (2d Cir. 1998). There is no delayed discovery rule for

intentional torts. Moreover, a cause of action alleging intentional infliction of emotional distress

accrues on the date of injury. *Passucci v. Home Depot, Inc.*, 67 A.D.3d 1470, 1471 (4th Dep't

2009). Furthermore, when applying the one-year statute of limitations to claims of intentional

infliction of emotional distress, "all acts occurring before the limitations period are excluded from

consideration". *Mariani* supra, 982 F. Supp. at 275. Therefore, any alleged acts prior to July 30,

2017 are on its face barred by New York's one-year statute of limitations for intentional infliction

of emotional distress.

According to the allegations in the complaint, the alleged breach occurred on August 31,

2000. (*See* ECF Doc. 1, 4: 5-11). This is over 18 years ago.  Further, according to the allegations

in the complaint, Plaintiff discovered this alleged intentional conduct in October of 2015 and did

not file this Complaint until July of 2018.  (*See* ECF Doc. 1, 4: 12-17).  This is over two years

before Plaintiff brought this current case, well past the one-year statute of limitations. Therefore, Plaintiff's intentional infliction of emotional distress cause of action is untimely and should be dismissed under Rule 12(b)(6) as barred by the statute of limitations.

## II.   EACH OF PLAINTIFF'S CAUSES OF ACTION MUST BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In addition to being time barred by the statute of limitations, all of Plaintiff's causes of action also fail for not being able to plead all of the necessary elements of each cause of action. FRCP 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court in *Iqbal* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."" *Id.* Merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient for a complaint to defeat a motion to dismiss. *Id.*

Thus, Plaintiff must have alleged "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. This requires a "'showing,' rather than a blanket assertion, of entitlement to relief" to "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on

which the claim rests." *Id.* at 555 n.3. In other words, a claim must contain "sufficient factual matter" from which the court can reasonably infer "that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Simply making an allegation is not enough. Plaintiff has failed to satisfy the necessary requirements to survive a motion to dismiss.

**A.    Plaintiff's Cause Of Action For Breach Of Contract Must Be Dismissed As Weitz & Luxenberg, P.C. Was Not A Party To The Underlying Contract**

The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach. *See Marks v. New York Univ.,* 61 F.Supp.2d 81, 88 (S.D.N.Y.1999). *See also RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.*, 156 F. App'x 349, 350–51 (2d Cir. 2005). Thus, the factual predicate necessary for bringing a claim for breach of contract or a claim for breach of the covenant of good faith and fair dealing is that there a binding contract between the plaintiff and defendant.[3]

In this case, Plaintiff has sued Weitz & Luxenberg, P.C. for breach of the Tolling Agreement. However, this Tolling Agreement is not a contract in which Weitz & Luxenberg, P.C. is a party. (*See* the Tolling Agreement attached as Ex. A to the Dec. of S. Pennock). This Tolling Agreement is a contract between Plaintiff and Bristol-Myers Squibb and Medical Engineering

---

[3] Plaintiff is basing her entire complaint on the content of two key documents, the Tolling Agreement and the Dismissal Order. However, Plaintiff did not attach either of these documents to the complaint. Nonetheless the Court can review each of these documents at the motion to dismiss stage, without it changing to a motion for summary judgment as both of these documents are integral to Plaintiff's claims. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991). "In addition, we have held that when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." *Id.* These documents do not support Plaintiffs claims. The Tolling Agreement is not a contract between Plaintiff and Weitz & Luxenberg, P.C. and the dismissal order was not "entered" into by Weitz & Luxenberg, P.C.

Corporation, two corporations, which are not parties in this litigation. *Id.* The opening paragraph of the Tolling Agreement defines who are the parties to this contract and Weitz & Luxenberg, P.C. is not one of them. *Id.* The opening paragraph states:

> This Tolling Agreement is made and entered into this 26 day of January 2000 by Beverly J. Ezra ("Plaintiff") for herself, her heirs, administrators, executors and assigns and Medical Engineering Corporation and Bristol-Myers Squibb Company ("Defendants"). *Id.*

Further, Weitz & Luxenberg, P.C. has no performance obligations under the terms of the Tolling Agreement and receives no consideration under the terms of the Tolling Agreement. *Id.* Weitz & Luxenberg, P.C. signature to the Tolling Agreement was only as to having read and approved the Tolling Agreement for the Plaintiff as her attorney. *Id.*

Since Weitz & Luxenberg, P.C. is not a party to the Tolling Agreement and receives no consideration under the terms of the Tolling Agreement; the Tolling Agreement is not an enforceable contract against Weitz & Luxenberg, P.C. *Id.* Thus, Plaintiff's causes of action for breach of contract and breach of covenant of good faith and fair dealing are not applicable to Weitz & Luxenberg, P.C. and must be dismissed as failing to state a claim.

**B.    Plaintiff's Breach of Implied Covenant of Good Faith And Fair Dealing Claim Must Be Dismissed As Being Duplicative Of Her Breach Of Contract Claim**

In addition to Plaintiff's inability to establish the factual prerequisite that Weitz & Luxenberg, P.C. is a party to a binding contract, Plaintiff's claim for breach of implied covenant of good faith and fair dealing must also be dismissed as being duplicative of her claims for breach of contract. *See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.,* 259 F. Supp. 3d 16, 37 (S.D.N.Y. 2017), *aff'd,* 712 F. App'x 85 (2d Cir. 2018). "Critical here, when a plaintiff claims a breach of the implied covenant of good faith and fair dealing based on the same facts as a breach of contract claim and seeking identical damages for the breach, the claim for the breach of the

covenant of good faith and fair dealing must be dismissed as duplicative of the breach of contract claim." *Id.* (citing *Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce,* 70 A.D.3d 423, 426, (N.Y. App. Div. 1st Dept. 2010)).

Plaintiff's claim for breach of the implied covenant of fair dealing duplicates her breach of contract claim. Plaintiff's contract claim alleges that Plaintiff entered into a Tolling Agreement which provides that her case would be dismissed without prejudice and then it was dismissed with prejudice. (*See* ECF Doc. 1, 4:18-6:4). Plaintiff's covenant of good faith and fair dealing claim incorporates the allegations by reference, and then re-alleges the same facts as the breach of contract claim, i.e. that Plaintiff entered into a Tolling Agreement saying her case would be dismissed without prejudice and then it was dismissed with prejudice. (*See* ECF Doc. 1, 6:5-7:2). These claims are duplicative. And with each, Plaintiff is seeking identical damages. As such, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing impermissibly duplicates its breach of contract claim. The Court therefore must dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim.

### C.   Plaintiff's Cause of Action For Fraud Must Be Dismissed As Weitz & Luxenberg, P.C. Never Signed, Entered, or Filed, The Dismissal Order As Plaintiff Alleges

Under New York law, the elements of a claim for fraud are: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 234 (2d Cir. 2006). However, Plaintiff cannot make these necessary elements.

In her complaint, Plaintiff's factual allegations for her fraud claim is that Weitz & Luxenberg, P.C. described the Tolling Agreement to Plaintiff, saying that it would allow her to

withdraw her case without prejudice to re-file at a later time. This is a fair and accurate description of the content of the Tolling Agreement. (*See* the Tolling Agreement attached as Ex. A to the Dec. of S. Pennock). None of Plaintiff's allegations of what Weitz & Luxenberg, P.C.'s represented were misrepresentations of the content of the Tolling Agreement that they were describing. Plaintiff then alleges that Weitz & Luxenberg, P.C. "entered into" and "filed with the Court" a "Stipulated Agreement" to dismiss Plaintiff's case with prejudice. (*See* ECF Doc. 1 at 7:17-20.) This is a false statement that is contradicted by the integral document that Plaintiff is relying upon to make this claim. As the best evidence for the content of an order, is the order itself, the actual dismissal order entered on August 31, 2000 is attached as exhibit B to the Declaration of Shannon Pennock. The key facts regarding the dismissal order is that it was not signed by Weitz & Luxenberg, P.C. or by the Presiding Judge. The dismissal order was only signed by counsel for Bristol-Myers Squibb and Medical Engineering, companies that are not parties in this current litigation.

There is no "stipulated agreement" as Plaintiff claims. Weitz & Luxenberg, P.C. did not "enter into" any agreement to dismiss Plaintiff's case with prejudice as Plaintiff claims. Weitz & Luxenberg, P.C. did not "file" any stipulated agreement with the court as Plaintiff claims.[4] The Dismissal Order does not support Plaintiff's allegations. Counsel for Bristol-Myers Squibb and Medical Engineering Corporation, is the only party that "signed", "entered into", and "filed" the dismissal order with prejudice with the court.[5]

---

[4] As the Dismissal Order was never signed by the Presiding Judge nor signed by counsel for Plaintiff and is in direct contradiction of the Tolling Agreement, Plaintiff could have (and still can) easily bring to the Honorable Judge Weinstein a simple FRCP Rule 60(a) motion to correct this clerical error. In relevant part FRCP Rule 60(a) states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." As a court may correct clerical mistakes at any time, Plaintiff could and still can still bring a FRCP Rule 60(a) motion at any time. Plaintiff has never done this to date.

[5] Bristol-Myers Squibb and Medical Engineering are defendants in a separate lawsuit that Plaintiff

As Plaintiff's fraudulent allegations are directly contradicted by the actual documents that Plaintiff is relying upon to make her claim, Plaintiff has failed to state with specificity the fraudulent conduct.

### D.   Plaintiff's Cause of Action For Intentional Infliction of Emotional Distress Must Be Dismissed As Plaintiff Has Not Alleged and Cannot Allege The Necessary Outrageous Conduct Element

The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. *Bender v. City of New York*, 78 F.3d 787, 790–91 (2d Cir. 1996) citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993). The alleged conduct in Plaintiff's complaint does not rise to the level of "extreme and outrageous conduct" as required by New York law.

New York sets an extremely high threshold for conduct that is "extreme and outrageous" enough to constitute intentional infliction of emotional distress. *See Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303 (1983) ("'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]'" (quoting the Restatement of Torts, Second, § 46 cmt. d (1965)). A wide range of conduct—though offensive or even otherwise illegal—is not considered "utterly intolerable in a civilized society" to permit a party to maintain a cause of action for intentional infliction of emotional distress. *See, e.g., Martin v. Citibank, N.A., supra* (allegations that employees were chosen for polygraph test based on their race during internal investigation of theft of funds at bank); *Murphy,* 58 N.Y.2d at 293 (employee fired in humiliating manner); *Shea v.*

---

has against these corporate defendants for breaching the terms of the Tolling Agreement. (See Case No.: 1:18 – cv – 07911). So Plaintiff will have the opportunity to pursue her claims against the proper defendants who actually signed and entered the dismissal order.

*Cornell University,* 192 A.D.2d 857 (3rd Dep't 1993) (apparent sexual harassment in workplace); *Leibowitz v. Bank Leumi Trust Company of New York,* 152 A.D.2d 169 (2nd Dep't 1989) (use of religious and ethnic slurs to coerce employee to leave job).

Here, Plaintiff has alleged that Weitz & Luxenberg, P.C. dismissed Plaintiff's prior case with prejudice, which was not in conformity with a tolling agreement Plaintiff signed after the advice of Weitz & Luxenberg, P.C. to sign it. These allegations are not supported by the documents Plaintiff is relying upon for her claim. But even accepting these unsupported allegations as true for purposes of argument only, these alleged facts nonetheless do not rise to the level of extreme and outrageous conduct and do not show an intent to cause severe emotional distress. Regardless of what dramatic rhetoric Plaintiff uses to describe them, these allegations do not rise to the level necessary to sustain an action for intentional infliction of emotional distress. Therefore, Plaintiff has failed to adequately plead her intentional infliction of emotional distress claim and her claim must be dismissed.

## CONCLUSION

Weitz & Luxenberg, P.C. respectfully moves this Court to dismiss Plaintiff's complaint against Weitz & Luxenberg, P.C. because each of Plaintiff's claims are time barred by the applicable New York statutes of limitations because the alleged wrongful conduct occurred almost 18 years ago and Plaintiff alleges to have discovered it over two years ago.

Further, Weitz & Luxenberg, P.C. respectfully moves this Court to dismiss Plaintiff's complaint because the Plaintiff fails to adequately state claims for relief for each of the causes of action because (1) Weitz & Luxenberg, P.C. is not a party to the Tolling Agreement, (2) Plaintiff's claim for breach of the covenant of good faith and fair dealing is duplicative of her breach of contract claim, (3) the Dismissal Order shows that Weitz & Luxenberg, P.C. never "signed",

-12-

"entered into," and "filed" a stipulation dismissing Plaintiff's underlying case with prejudice, and (4) Plaintiff has not pled the "extreme and outrageous" conduct necessary to rise to the level required for an intentional infliction of emotional distress claim.

Dated: September 10, 2018                    **THE PENNOCK LAW FIRM**

By: _____

Shannon M. Pennock (SDNY: SP1984; SBN: 5029434)
**THE PENNOCK LAW FIRM**
411 Lafayette St., Fl. 6
New York, NY 10003-7035
Phone: (212) 967 – 4213
Email: ShannonPennock@Pennocklawfirm.com

Robert J. Drakulich, Esq. (PHV Applicant)
**THE DRAKULICH FIRM, APLC**
2727 Camino Del Rio South, Suite 322
San Diego, California 92108
Phone: (858) 755-5887
Email: rjd@draklaw.com

*Attorneys for Defendant*
WEITZ & LUXENBERG, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2018, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12 (B)(6) with the clerk of the court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 10, 2018                          **THE PENNOCK LAW FIRM**

By: _____
Shannon M. Pennock (SDNY: SP1984;
SBN: 5029434)
**PENNOCK LAW FIRM**
411 Lafayette St., Fl. 6
New York, NY 10003-7035
Phone: (212) 967 – 4213
Email: ShannonPennock@Pennocklawfirm.com

*Attorney for Defendant*
WEITZ & LUXENBERG, P.C.

-14-