UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY J. EZRA, an individual | Case No.: 1:18 – cv – 06802 – AKH |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. PROC. 12(C)** |
| vs. | |
| WEITZ & LUXENBERG, P.C., a New York Professional Corporation, and DOES and ROES I through XX,, inclusive | |
| Defendants. | Hon. Alvin K. Hellerstein |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. PROC. 12(C)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................ii

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ &
LUXENBERG, P.C.'S MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. PROC. 12(C)....................................................1

I.     INTRODUCTION.......................................................................................1

II.    STATEMENT OF RELEVANT FACTS....................................................2

III.   LEGAL STANDARD..................................................................................4

IV.    ARGUMENT................................................................................................6

       A.    PLAINTIFF'S CASE IS UNTIMELY AND BARRED BY THE
             APPLICABLE STATUTE OF LIMITATIONS........................................6

             1.    Plaintiff's Breach of Contract Claim Must Be Dismissed As
                   Being Time Barred By The New York Statute of Limitations...............8

             2.    Plaintiff's Breach Of Implied Covenant Of Good Faith And
                   Fair Dealing Claim Must Be Dismissed As Being Time Barred
                   By The New York Statute of Limitations...........................................8

             3.    Plaintiff's Fraud Claim Must Be Dismissed As Being Time
                   Barred By The New York Statute of Limitations................................9

             4.    Plaintiff's Intentional Infliction of Emotional Distress Claim
                   Must Be Dismissed As Being Time Barred By The New York
                   Statute of Limitations.....................................................................10

             5.    Plaintiff's Prior Separate Nevada Lawsuit Does Not Toll The
                   Applicable Statute of Limitations...................................................9

       B.    PLAINTIFF HAS FAILED TO SEEK TO CORRECT THE DISMISSAL
             ORDER AND/OR BRING A PRODUCT LIABILITY ACTION AGAINST
             THE PRODUCT DEFENDANTS UNDER THE TERMS OF TERMS OF
             THE TOLLING AGREEMENT............................................................12

             1.    Plaintiff's Amended Complaint Should Be Dismissed As Plaintiff
                   Has Failed and/or Refused to File a Product Liability Action
                   Against Bristol-Myers Squibb Company and Medical
                   Engineering Corporation...............................................................12

             2.    Plaintiff's Amended Complaint Should Be Dismissed As
                   Plaintiff Has Failed To Seek To Correct the Clerical Error
                   in the Dismissal Order...................................................................14

V.     CONCLUSION...........................................................................................16

# TABLE OF AUTHORITIES

## CASES

*ABB Indus. Sys., Inc. v. Prime Tech., Inc.,*
    120 F.3d 351 (2d Cir.1997)……………………………………………………………..8, 9

*Abbott Labs. v. Gardner,*
    387 U.S. 136 (1967) …………………………………………………………………..13

*Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, *reh'g denied,*
    300 U.S. 227 (1937)…………………………………………………………………12-13

*Agro Dutch Indus. *410 Ltd. v. United States,*
    589 F.3d 1187 (Fed.Cir.2009)………………………………………………………...14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)…………………………………………………………………....4

*Bender v. Williamsport Area School Dist.,*
    475 U.S. 534 (1986)…………………………………………………………………13

*Biro v. Conde Nast,*
    963 F. Supp. 2d 255 (S.D.N.Y. 2013) ………………………………………………...9

*Bohmer v. New York,*
    684 F.Supp.2d 357 (S.D.N.Y. 2010) …………………………………………………..5

*Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am.,*
    47 F.3d 14 (2d Cir. 1994) …………………………………………………………….4

*Carbon Capital Mgmt., LLC v. Am. Express Co.,*
    88 A.D.3d 933 (2d Dep't 2011) ……………………………………………………...9

*Ely-Cruikshank Co. v. Bank of Montreal,*
    81 N.Y.2d 399 (1993)………………………………………………………………8, 9

*Federal Election Comm'n v. Central Long Island Tax Reform Immediately Comm.,*
    616 F.2d 45 (2d Cir.1980) …………………………………………………………....13

*Floyd v. City of New York,*
    2018 WL 4360773 (S.D.N.Y. 2018). ………………………………………………..5-6

*Forest Park Pictures v. Universal Television Network, Inc.,*
    683 F.3d 424 (2d Cir. 2012) …………………………………………………………6

*Hayden v. Paterson*,
  594 F.3d 150 (2d Cir. 2010) ........................................................................4

*Harrison v. Lutheran Med. Ctr.*,
  468 Fed. Appx. 33 (2d Cir. 2012) .............................................................11

*Holmes v. Airline Pilots Ass'n, Intern.*,
  745 F. Supp.2d 176 (E.D.N.Y. 2010) ..........................................................5

*In re Marc Rich & Co. A.G.*,
  739 F.2d 834 (2d Cir.1984) ......................................................................14

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941) ..................................................................................6

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991) .......................................................................5

*L–7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) .......................................................................5

*LiveIntent, Inc. v. Naples*,
  293 F. Supp. 3d 433 (S.D.N.Y. 2018) ......................................................5, 6

*Marbury v. Madison*,
  5 U.S. 137 (1803) ....................................................................................13

*Mariani v. Consol. Edison Co. of New York*,
  982 F. Supp. 267 (S.D.N.Y. 1997),
  *aff'd sub nom. Mariani v. Consol. Edison Co.*,
  172 F.3d 38 (2d Cir. 1998) .......................................................................10

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
  312 U.S. 270 (1941) ................................................................................12

*Mattel, Inc. v. Robarb's, Inc.*,
  139 F. Supp. 2d 487 (S.D.N.Y. 2001) ..........................................................4

*Passucci v. Home Depot, Inc.*,
  67 A.D.3d 1470 (4th Dep't 2009) ..............................................................10

*Renne v. Geary*,
  501 U.S. 312 (1991) ................................................................................13

*Resnick v. Resnick*,
  722 F.Supp. 27 (S.D.N.Y.1989) ..................................................................8

*Sellers v. M.C. Floor Crafters, Inc.*,
  842 F.2d 639 (2d Cir. 1988) ........................................................................4

*Stuart v. Am. Cyanamid Co.*,
  158 F.3d 622 (2d Cir. 1998) ........................................................................6

*Thea v. Kleinhandler*,
  807 F.3d 492 (2d Cir. 2015) .....................................................................6, 7

*Truskoski v. ESPN, Inc.*,
  60 F.3d 74 (2d Cir.1995) ...........................................................................14

*V.E.C. Corp. of Delaware v. Hilliard*,
  896 F.Supp.2d 253 (S.D.N.Y. 2012) ..............................................................8

*Yin Kuang v. Genzyme Genetics Corp.*,
  2012 WL 414280 (S.D.N.Y. 2012) ................................................................6

## STATUTES

28 U.S.C. § 1367(d) ...................................................................................12

N.Y. C.P.L.R. § 202....................................................................................6-7

N.Y. C.P.L.R. § 205....................................................................................11

N.Y. C.P.L.R. § 213 (2) ................................................................................8

N.Y. C.P.L.R. § 213 (8) ................................................................................9

N.Y. C.P.L.R. § 215(3)) ...........................................................................6, 10

## RULES

Fed. R. Civ. Pro. 12(b)(6)...........................................................................2, 5

Fed. R. Civ. Pro. 12(c).......................................................................1, 2, 4, 5, 6

Fed. R. Civ. Pro. 60(a).......................................................................1, 14, 15

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. PROC. 12(C)**

## I.   INTRODUCTION

Plaintiff's case is all about a dismissal order that was entered over 18 years ago.  In Plaintiff's Amended Complaint, she alleged to have discovered this alleged wrong in October of 2015, which is over two years prior to Plaintiff filing this instant action.  Therefore, all of Plaintiff's causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and intentional infliction of emotional distress are all clearly time barred by the applicable New York statute of limitations.

Further, this dismissal order was not signed by anyone at Weitz & Luxenberg, P.C.  It was also not signed by the presiding judge, the Honorable Judge Weinstein.  Instead, it was only signed counsel for Bristol-Myers Squibb and Medical Engineering. Plaintiff has failed to seek to correct this obvious clerical error to have the dismissal order confirm with the agreed upon terms in the Tolling Agreement via an appropriate motion such as a Rule 60(a) Motion. Likewise, Plaintiff has failed and/or refused to file a product liability action against Bristol-Myers Squibb Company and Medical Engineering Corporation under the terms of the Tolling Agreement.

When the basis for adjudication of a claim is an affirmative defense, the proper method for dismissal is a Rule 12(c) motion for judgment on the pleadings. Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* Fed. R. Civ. Pro. 12(c). Pleadings become closed once the defendant files an answer. Here, Plaintiff was already provided an opportunity to amend the complaint and defendant Weitz & Luxenberg, P.C. filed an answer to Plaintiff's Amended Complaint. Thus, the pleadings are closed. Just like a 12(b)(6) motion, a Rule 12(c) motion also

challenges the legal sufficiency of the opposing party's pleadings. In other words, a 12(c) motions ask the district court to look at the pleadings to determine whether the adversary has a legally cognizable claim.  Here, Plaintiff does not have a timely made claim as all of her causes of action are barred by the applicable New York statute of limitations as well as Plaintiff's failure to state a claim, as she does not have an actual injury.

## II.    STATEMENT OF RELEVANT FACTS

1.      In 1998, Defendant Weitz & Luxenberg, P.C. represented Plaintiff in a product liability action against Bristol Myers Squibb Company and Medical Engineering Corporation. (*See* Amended Complaint, ECF Doc. 21, 3:7-9).

2.      On January 26, 2000, in the prior product liability action, Plaintiff entered into a Tolling Agreement with Bristol Myers Squibb Company and Medical Engineering Corporation, that Defendant Weitz & Luxenberg, P.C. negotiated on Plaintiff's behalf.  (*See* the Tolling Agreement, attached to the Amended Complaint as Plaintiff's Ex. A to the Declaration of Alan Levin, dated September 21, 2018).

3.      On August 31, 2000, Plaintiff's prior case against Bristol-Myers Squibb Company and Medical Engineering Corporation was dismissed with prejudice, which is Plaintiff's claim of the alleged wrongful conduct. This dismissal order was not signed by Weitz & Luxenberg, P.C. nor by the presiding judge.  Instead, it was only signed counsel for Bristol-Myers Squibb and Medical Engineering (*See* the Dismissal Order, attached to the Amended Complaint as Plaintiff's Ex. D to the Declaration of Alan Levin, dated September 21, 2018).

4.      On October 1, 2015, Plaintiff's Counsel claims to have discovered the alleged wrongful conduct. "That on or about October 1, 2015, the undersigned reviewed the Court Docket

through Pacer and discovered that EZRA's case had been dismissed with prejudice…" (*See* Amended Complaint, ECF Doc. 21, 4:15-16).

5.      On October 26, 2015, Plaintiff alleges to have been informed by her counsel of the alleged wrongful conduct. "EZRA first became aware that her case had been dismissed with prejudice on October 26, 2015 when her undersigned attorney informed her of this confirmed fact." (*See* Amended Complaint, ECF Doc. 21, 7:19-20).

6.      On March 6, 2016, Plaintiff filed suit against Defendant Weitz & Luxenberg, P.C. in the United States District Court, District of Nevada. (*See* Amended Complaint, ECF Doc. 21, 5:2-3).

7.      On July 2, 2018, the United States District Court, District of Nevada Court dismissed Defendant Weitz & Luxenberg, P.C. from the prior separate Nevada suit for lack of personal jurisdiction. (*See* Amended Complaint, ECF Doc. 21, 6: 2-3).

8.      On July 28, 2018, Plaintiff filed this new lawsuit in the United States District Court, Southern District of New York alleging four causes of action (breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and intentional infliction of emotional distress). (*See* Complaint, ECF Doc. 1).

9.      On September 21, 2018, Plaintiff filed an amended complaint, alleging the same four cause of actions. (*See* Amended Complaint, ECF Doc. 21).

10.      On October 12, 2018, Defendant Weitz & Luxenberg, P.C. filed its Answer to Plaintiff's Amended Complaint, which included numerous affirmative defenses, including, but not limited to: statute of limitations, laches, waiver, estoppel, and failure to mitigate damages, ripeness, lack of privity, and lack of consideration for breach of contract, collateral estoppel, res judicata, Plaintiff's damages resulted from acts by third parties, failure to state a claim, duplicative cause of

actions, and Plaintiff's fraud claims not pled with particularity. (*See* Defendant Weitz & Luxenberg, P.C.'s Answer to Plaintiff's Amended Complaint, ECF Doc. 22, 30-52).

11.   At no time has Plaintiff ever brought an action against Bristol-Myers Squibb Company and Medical Engineering Corporation to reinstate her underlying product liability case pursuant to the Tolling Agreement or sought to correct the dismissal order.

## III.   LEGAL STANDARD

Rule 12 exists to weed out unsound complaints before parties engage in expensive discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The Federal Rules of Civil Procedure permit a party to move for judgment on the pleadings any time after the pleadings are closed. Fed. R. Civ. P. 12(c). Rule 12(c) states "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under Rule 12(c), the Court should dismiss an action "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Mattel, Inc. v. Robarb's, Inc.*, 139 F. Supp. 2d 487, 496 (S.D.N.Y. 2001), *See* also *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). A court should dispose of the claims on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1994).

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as a motion to dismiss under Rule 12(b)(6). *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). However, "[t]he standard applicable to documents a court may consider in ruling on a motion for judgment on the pleadings under Rule 12(c) is slightly broader [than a 12(b)(6)

motion], allowing consideration not only of the nonmoving party's pleading, but also that of the moving party. On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. *LiveIntent, Inc. v. Naples*, 293 F. Supp. 3d 433, 441 (S.D.N.Y. 2018) (citations omitted). *See also L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991). "If these documents contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint." *Holmes v. Air Lline Piplots Ass'n, Intern.*, 745 F. Supp.2d 176 (E.D.N.Y. 2010). "[T]he Court may refuse to accept as true allegations in the Complaint that are contradicted by this record." *Bohmer v. New York,* 684 F.Supp.2d 357, 360 (S.D.N.Y. 2010).

The statute of limitations provides a basis for a moving party's Rule 12(c) motion to be granted, and the Southern District of New York routinely grants dismissal when this affirmative defense is properly demonstrated. [1] The most recent example occurred in *Floyd v. City of New York*, 16 Civ. 8655, 2018 WL 4360773 (S.D.N.Y. August 2, 2018). In *Floyd*, the defendant moved for judgment on the pleadings pursuant to Rule 12(c) on three grounds, one of which was that the plaintiff's claim was time-barred by the governing statute of limitations. *Id.* The court held for the movants, stating that "Because the statute of limitations expired on April 5, 2017, an amendment

---

[1] Plaintiff filed her Amended Complaint on September 21, 2018. (*See* Plaintiff's Amended Complaint, ECF Doc. 21). Defendant Weitz & Luxenberg, P.C. filed its Answer to Plaintiff's Amended Complaint, which included numerous affirmative defenses, including that Plaintiff's claims are barred by the applicable statute of limitations on October 12, 2018. (*See* Defendant Weitz & Luxenberg, P.C.'s Answer to Plaintiff's Amended Complaint, ECF Doc. 22, 30-52).

to the pleading is futile as the proposed claim could not withstand a motion to dismiss." *Id.* at 5.

*See* also*: LiveIntent, Inc. v. Naples,* 293 F. Supp. 3d 433, 447 (S.D.N.Y. 2018*)* (granting a 12(c)

motion for judgment on the pleadings based on the court determining that the statute of limitations

had expired) and *Yin Kuang v. Genzyme Genetics Corp.*, 2012 WL 414280 (S.D.N.Y. 2012)

(granting a 12(c) motion for judgment on the pleadings, based on Plaintiff's failure to timely file

under New York's one-year statute of limitations for intentional torts, N.Y. C.P.L.R. § 215(3)).


## IV.    ARGUMENT

### A.    PLAINTIFF'S CASE IS UNTIMELY AND BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

When jurisdiction is based on diversity of citizenship, a federal court must apply the

substantive law, including the choice-of-law rules, of the state where the District Court sits. *Forest*

*Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012); see

also *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The substantive law of a state

includes its statutes of limitations. *Thea v. Kleinhandler*, 807 F.3d 492, 497–98 (2d Cir. 2015).

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting

in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v.*

*Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). Therefore, since this Court sits in New York

it must apply New York state choice of law rules and the New York state statutes of limitations.

New York's borrowing statute, N.Y. C.P.L.R. § 202, provides that "when a nonresident

plaintiff sues upon a cause of action that arose outside of New York, the court must apply the

shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2)

the state where the cause of action accrued." *Stuart*, 158 F.3d at 627. Plaintiff's claims must be

"timely under the limitation periods of both New York and the jurisdiction where the cause of

action accrued." *Thea v. Kleinhandler*, 807 F.3d 492, 497–98 (2d Cir. 2015). Accordingly, Plaintiff must show that her claims are not just timely in Nevada (the state where she resides), but also timely in New York as well. However, Plaintiff cannot meet this burden as her claims are time barred by the New York statutes of limitation.

Plaintiff filed this case on July 28, 2018. (*See* Plaintiff's Complaint, ECF Doc. 1). In her Amended Complaint, Plaintiff has brought four state law causes of action: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) misrepresentation, fraud, and deceit, and (4) intentional infliction of emotional distress. (*See* Plaintiff's Amended Complaint, ECF Doc. 21, 6-12). All four of these state law causes of action are based on a Tolling Agreement signed on January 26, 2000 and a Dismissal Order that was entered on August 31, 2000. (*See* Amended Complaint, ECF 21, 4:16-17). Thus, all of Plaintiff's claims are based on an alleged wrongful conduct that occurred approximately 18 years before Plaintiff filed this lawsuit. This is outside of the applicable statutes of limitations for any of Plaintiff's causes of actions. Moreover, in the Amended Complaint, Plaintiff alleges to have discovered this alleged wrongful conduct in October of 2015, which is more than two years before Plaintiff filed this current lawsuit. (*See* Amended Complaint, ECF Doc. 21, 4:15-16 and 7:19-20). Finally, Plaintiff's prior separate Nevada lawsuit does not toll the applicable statute of limitations as Plaintiff's prior lawsuit was based on diversity of citizenship and it was dismissed for lack of personal jurisdiction. Accordingly, each of Plaintiff's causes of action are time barred by the applicable New York statutes of limitation and therefore must be dismissed.

### 1. Plaintiff's Breach of Contract Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations

The New York statute of limitations for breach of contract is six years. N.Y. C.P.L.R. § 213 (2) (2009). Under New York law, there is no delayed discovery rule for breach of contract

claims. *ABB Indus. Sys., Inc. v. Prime Tech., Inc.,* 120 F.3d 351, 360 (2d Cir.1997). "[I]t is well settled that [under New York law] the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." *Id.* In New York, a breach of contract cause of action accrues at the time of the breach. *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993). Thus, breach of contract claims accruing before July 28, 2012 are time-barred by the New York statute of limitations.

According to the allegations in the Amended Complaint, the alleged breach occurred on August 31, 2000 when the dismissal order was entered. (*See* Amended Complaint, ECF 21, 7: 19-23). This is approximately 18 years ago, which is well past the 6-year statute of limitations. Therefore, Plaintiff's breach of contract cause of action is time barred.

      2.    **Plaintiff's Breach Of Implied Covenant Of Good Faith And Fair Dealing Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations**

"Under New York law, causes of action for breach of contract and breach of the covenant of good faith and fair dealing are governed by N.Y. C.P.L.R. §213(2), which provides for a six-year statute of limitations." *See V.E.C. Corp. of Delaware v. Hilliard*, 896 F.Supp.2d 253, 259 (S.D.N.Y. 2012). "The claim for breach of the covenant of good faith and fair dealing is grounded in contract and likewise has a limitations period of six [ ] years." *Resnick v. Resnick*, 722 F.Supp. 27, 38 (S.D.N.Y.1989). In New York, a breach of contract cause of action and breach of the implied covenant of good faith and fair dealing accrues at the time of the breach. *Ely-Cruikshank Co.*, 81 N.Y.2d at 402. Further just like breach of contract claims, there is no delayed discovery rule for breach of the implied covenant of good faith and fair dealing. *Id.* at 403. *See also ABB Indus. Sys., Inc.,* 120 F.3d at 360.

According to the allegations in the Amended Complaint, the alleged breach occurred on August 31, 2000. (*See* Amended Complaint, ECF 21, 9:2-9). This is approximately 18 years ago. This is well past the 6-year statute of limitations. Therefore, Plaintiff's breach of covenant of good faith and fair dealing cause of action should be dismissed as untimely pursuant to Rule 12(c) as the "complaint clearly shows the claim is out of time." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 266 (S.D.N.Y. 2013).

### 3.   Plaintiff's Fraud Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations

Under New York law, a fraud claim must be commenced within six years of the date the cause of action accrued, or within two years of the time the plaintiff discovered or could have discovered the fraud with reasonable diligence, whichever is greater. N.Y. C.P.L.R. § 213 (8); *see Carbon Capital Mgmt., LLC v. Am. Express Co.,* 88 A.D.3d 933, 939, (2d Dep't 2011). A cause of action for fraud accrues when every element of the claim, can be alleged, not when they are known. *Id.*

According to the allegations in the Amended Complaint, the alleged fraudulent conduct occurred on August 31, 2000 when the dismissal order was entered. (*See* Amended Complaint, ECF 21, 10: 19-21). This is over 18 years ago, thus it is many years past the six-year statute. Further, according to the allegations in the Amended Complaint, Plaintiff discovered this alleged fraudulent conduct in October of 2015. (*See* Amended Complaint, ECF Doc. 21, 4:15-16 and 7:19-20). According to the allegations in the Amended Complaint, Plaintiff discovered the alleged fraudulent conduct in October of 2015 and did not file this case until July 28, 2018. This is over two years before Plaintiff brought this current case. Therefore, Plaintiff's fraud cause of action is untimely even when applying the delayed discovery provision and is also time barred.

**4.    Plaintiff's Intentional Infliction of Emotional Distress Claim Must Be Dismissed As Being Time Barred By The New York Statute of Limitations**

"It is well established that the one-year statute of limitations set forth in CPLR § 215(3) for intentional torts is applicable to claims for intentional infliction of emotional distress." *Mariani v. Consol. Edison Co. of New York*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997), *aff'd sub nom. Mariani v. Consol. Edison Co.*, 172 F.3d 38 (2d Cir. 1998). There is no delayed discovery rule for intentional torts. Moreover, a cause of action alleging intentional infliction of emotional distress accrues on the date of injury. *Passucci v. Home Depot, Inc.*, 67 A.D.3d 1470, 1471 (4th Dep't 2009). Furthermore, when applying the one-year statute of limitations to claims of intentional infliction of emotional distress, "all acts occurring before the limitations period are excluded from consideration". *Mariani* supra, 982 F. Supp. at 275. Therefore, any alleged acts prior to July 28, 2017 are on its face barred by New York's one-year statute of limitations for intentional infliction of emotional distress.

According to the allegations in the Amended Complaint, the alleged wrongful conduct occurred on or before August 31, 2000. (*See* Amended Complaint, ECF Doc. 21, 11:22-12:22). This is over 18 years ago. Further, according to the allegations in the Amended Complaint, Plaintiff discovered this alleged intentional conduct in October of 2015 and did not file this case until July 28, 2018. (*See* Amended Complaint, ECF Doc. 21, 4:15-16 and 7:19-20). This is over two years before Plaintiff brought this current case, well past the one-year statute of limitations. Therefore, Plaintiff's intentional infliction of emotional distress cause of action is untimely and should be dismissed under Rule 12(C) as barred by the statute of limitations.

**5.    Plaintiff's Prior Separate Nevada Lawsuit Does Not Toll The Applicable Statute of Limitations**

Plaintiff's prior separate lawsuit filed in the District of Nevada does not toll the applicable statutes of limitations. New York's Saving Statute, N.Y. C.P.L.R. § 205, is the governing law regarding whether a prior separate lawsuit filed in a separate jurisdiction will toll the statute of limitations. In relevant part, N.Y. C.P.L.R. § 205 provides:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, *a failure to obtain personal jurisdiction over the defendant*, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

Thus, the New York legislature has specifically identified which type of dismissals in prior litigation permit the case to be tolled and which ones do not. The New York legislature has determined that if a plaintiff's fails to obtain personal jurisdiction over a defendant then the Plaintiff's prior case does not qualify for tolling the statute of limitations for any later commenced actions. "§ 205(a) does not allow tolling based on a prior suit that was terminated due to a failure to obtain personal jurisdiction over the defendant." *Harrison v. Lutheran Med. Ctr.*, 468 Fed. Appx. 33, 36 (2d Cir. 2012). Because Plaintiff's prior separate claims in the District of Nevada were dismissed due to lack of Personal Jurisdiction, N.Y. C.P.L.R. § 205 specifically holds that the statute of limitations is not to be tolled during the pendency of that litigation. Likewise, the tolling provision of federal supplemental jurisdiction statute, 28 U.S.C. § 1367(d), does not apply because Plaintiff did not bring any causes of action based on a federal question. Plaintiff only brought state law claims. As such the only inquiry is whether this action filed in the Southern District of New York was timely commenced when filed on July 28, 2018. As discussed above,

Plaintiff's new lawsuit commenced in the Southern District of New York on July 28, 2018 was untimely.

### B.    PLAINTIFF HAS FAILED TO SEEK TO CORRECT THE DISMISSAL ORDER AND/OR BRING A PRODUCT LIABILITY ACTION AGAINST THE PRODUCT DEFENDANTS UNDER THE TERMS OF TERMS OF THE TOLLING AGREEMENT

In addition to being time barred by the statute of limitations, all of Plaintiff's causes of action also fail for not being able to plead all of the necessary elements of each cause of action. Plaintiff has failed to state a claim as she has not pled an actual injury. Plaintiff's damages, if any, are speculative and contingent upon the outcome of other preceding events.[2]

### 1.    Plaintiff's Amended Complaint Should Be Dismissed As Plaintiff Has Failed and/or Refused to File a Product Liability Action Against Bristol-Myers Squibb Company and Medical Engineering Corporation

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases or controversies." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, (1941). Every action before a federal court must be "justiciable," i.e., one in which jurisdiction under the Constitution exists and that is "appropriate for judicial determination." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, *reh'g denied,* 300 U.S. 227 (1937) (citations omitted). It is the plaintiffs' responsibility to allege facts demonstrating that this is a proper instance to invoke

---

[2] On October 12, 2018, Defendant Weitz & Luxenberg, P.C. filed its Answer to Plaintiff's Amended Complaint, which included numerous affirmative defenses, including laches, waiver, estoppel, ripeness, failure to mitigate damages, failure to establish an actual injury, regarding Plaintiff's failure to seek to correct the Clerk's entry of dismissal with prejudice to a dismissal without prejudice as contemplated by the Tolling Agreement, via an appropriate motion such as Rule 60(a), as well as Plaintiff's failure and/or refusal to file a product liability action against Bristol-Myers Squibb Company and Medical Engineering Corporation and/or amend her separate complaint pending in the Southern District of New York against Bristol-Myers Squibb Company and Medical Engineering Corporation to include such causes of action despite being provided by the Court the opportunity to do so. (*See* Defendant Weitz & Luxenberg, P.C.'s Answer to Plaintiff's Amended Complaint, ECF Doc. 22, 34-37).

judicial resolution of the dispute and the exercise of the court's remedial powers. *See Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 546 fn. 8 (1986). *Renne v. Geary,* 501 U.S. 312, 316 (1991). For a case to be deemed justiciable under Article III, it must not be merely an advisory opinion or regarding abstract disagreements. *Abbott Labs. v. Gardner,* 387 U.S. 136, 137 (1967). There needs to be an actual injury. *Id.* There must be a "real, substantial controversy between parties" involving a "dispute definite and concrete." *Federal Election Comm'n v. Central Long Island Tax Reform Immediately Comm.,* 616 F.2d 45, 51 (2d Cir.1980) (citations omitted); *see also Marbury v. Madison,* 5 U.S. 137 (1803).

The entire factual predicate for each of Plaintiff's causes of action in her Amended Complaint is that Plaintiff is barred from bringing her underlying product liability case and this is simply not true. Plaintiff has failed and/or refused to file a product liability action against Bristol-Myers Squibb Company and Medical Engineering Corporation and/or amend her separate complaint pending in the Southern District of New York against Bristol-Myers Squibb Company and Medical Engineering Corporation to include such an action despite being provided by the Court the opportunity to do so.

Bristol-Myers Squibb Company and Medical Engineering Corporation must contractually honor the "Dismissal Without Prejudice" and to "toll any applicable statutes of limitations for actions regarding breast implants from the date of the above-referenced dismissal of this action to a date two years after the death" that was specifically agreed to in the Tolling Agreement. Plaintiff is just assuming that the Tolling Agreement would not apply and control under these circumstances. Therefore, Plaintiff cannot prove that an injury exists. Plaintiff's alleged injury is not consistent with the constitutional requirements because her claimed injury is not yet actual and concrete. The Tolling Agreement is still enforceable, making Plaintiff's claimed injury speculative

at best. Without first bringing her product liability case, Plaintiff cannot prove an injury in this case.  Because the product liability defendants must contractually honor the "Dismissal Without Prejudice" that was specifically negotiated and entered into in the Tolling Agreement, it obviates the need for this action, as her underlying product liability case is still viable.

### 2.   Plaintiff's Amended Complaint Should Be Dismissed As Plaintiff Has Failed To Seek To Correct the Clerical Error in the Dismissal Order

This whole matter could be quickly and easily resolved if Plaintiff brought a motion to correct the clerical error in the docket under Federal rules of Civil Procedure Rule 60(a). In relevant part Rule 60(a) states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Notably, Rule 60(a) "imposes no time limitations." *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir.1995).  Rule 60(a) "permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission." *In re Marc Rich & Co. A.G.,* 739 F.2d 834, 836 (2d Cir.1984).  The Federal Circuit has stated: "Courts enjoy broad discretion to correct clerical errors in previously issued orders in order to conform the record to the intentions of the court and the parties." *Agro Dutch Indus. 410 Ltd. v. United States,* 589 F.3d 1187, 1192 (Fed. Cir. 2009).  As a court may correct clerical mistakes at any time, Plaintiff could and still can bring a Rule 60(a) motion at any time. Plaintiff has never done this to date.

Here, Plaintiff has failed and/or refused to seek to correct the Clerk's entry of dismissal with prejudice to a dismissal without prejudice as contemplated by the Tolling Agreement, via an appropriate motion. The original dismissal with prejudice was just a clerical error. On the dismissal order, the signature line for the attorney from Weitz & Luxenberg, P.C. and the signature line for

the Judge Presiding are blank.  Weitz & Luxenberg, P.C. did not sign or agree to dismissal order or enter into a dismissal with prejudice on Plaintiff's behalf and the judge never signed the dismissal order.  This clearly was a clerical mistake where the clerks mistakenly entered an incomplete unsigned order and mistakenly marked Plaintiff's case as "dismissed with prejudice" on the docket of the Eastern District of New York. Bristol-Myers Squibb Company and Medical Engineering Corporation agreed to a "dismissal without prejudice" and to "toll any applicable statutes of limitations for actions regarding breast implants from the date of the above-referenced dismissal of this action to a date two years after the death." Bristol-Myers Squibb Company and Medical Engineering Corporation would be estopped if they tried to take advantage of a clerical mistake, especially one that appears to be submitted by them. Because Bristol-Myers Squibb Company and Medical Engineering Corporation must contractually honor the "Dismissal Without Prejudice" that was negotiated and entered into in the Tolling Agreement, and because Weitz & Luxenberg, P.C. and the presiding judge never signed the Dismissal Order, the Honorable Judge Weinstein can issue a F.R.C.P. Rule 60(a) Order correcting this clerical mistake. The court may do so on motion or on its own, with or without notice. *See* F.R.C.P. 60(a). Therefore, Plaintiff could have easily resolved this case, but has failed to do so.

## CONCLUSION

Weitz & Luxenberg, P.C. respectfully moves this Court for a judgment on the Pleadings regarding Plaintiff's Amended Complaint against Weitz & Luxenberg, P.C. pursuant to Federal Rule of Civil Procedure 12(c), because each of Plaintiff's claims are time barred by the applicable New York statutes of limitations because the alleged wrongful conduct occurred almost 18 years ago and Plaintiff alleges to have discovered it over two years before commencing this litigation.

Additionally, Plaintiff's Amended Complaint should be dismissed because of Plaintiff's

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEITZ & LUXENBERG, P.C.'S MOTION ON THE PLEADINGS PURSUANT TO FED. R. CIV. PROC. 12 (c) with the clerk of the court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 16, 2018                                **THE PENNOCK LAW FIRM**

By: _____
Shannon M. Pennock (SBN: 5029434)
**PENNOCK LAW FIRM**
411 Lafayette St., Fl. 6
New York, NY 10003-7035
Phone: (212) 967 – 4213
Email: ShannonPennock@Pennocklawfirm.com

*Attorney for Defendant*
WEITZ & LUXENBERG, P.C.

-17-

failure to seek to correct the Clerk's entry of dismissal with prejudice to a dismissal without prejudice as contemplated by the Tolling Agreement, via an appropriate motion such as Rule 60(a) Motion as well as Plaintiff's failure and/or refusal to file a product liability action against Bristol-Myers Squibb Company and Medical Engineering Corporation under the terms of the Tolling Agreement. Plaintiff's failures to do so have caused Plaintiff to fail to establish an actual injury.

Weitz & Luxenberg, P.C. respectfully submits that its motion for judgment on the pleadings is dispositive on all issues.

Dated: October 16, 2018

THE PENNOCK LAW FIRM

By: _____
Shannon M. Pennock (SBN: 5029434)
**THE PENNOCK LAW FIRM**
411 Lafayette St., Fl. 6
New York, NY 10003-7035
Phone: (212) 967 – 4213
Email: ShannonPennock@Pennocklawfirm.com

Robert J. Drakulich, Esq. (PHV Applicant)
**THE DRAKULICH FIRM, APLC**
2727 Camino Del Rio South, Suite 322
San Diego, California 92108
Phone: (858) 755-5887
Email: rjd@draklaw.com

*Attorneys for Defendant*
WEITZ & LUXENBERG, P.C.